UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-10262 |
| | § | CASE NO. 16-10263 |
| SH 130 CONCESSION COMPANY, LLC, | § | CASE NO. 16-10264 |
| ZACHRY TOLL ROAD - 56 LP, | § | |
| CINTRA TX 56 LLC, | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED UNDER |
| | § | CASE NO. 16-10262-TMD |

### FERROVIAL AGROMAN US CORP.'S OBJECTIONS TO—AND MOTION TO VACATE, STRIKE, OR QUASH—RULE 2004 LETTER REQUEST FOR PRODUCTION OF DOCUMENTS

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Pursuant to FED. R. BANKR. P. 2004 ("Rule 2004") and LOCAL BANKR. RULE 2004 ("Local Rule 2004"), Ferrovial Agroman US Corp. ("FAUS") files these Objections to—and Motion to Vacate, Strike, or Quash—Rule 2004 Letter Request for Production of Documents, and shows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order.

### II. PRELIMINARY STATEMENT

2. On December 1, 2016, Ms. Catherine David, on behalf of FAUS, received the letter document request attached hereto as **Ex. 1** ("Letter Document Request") from Edmund W. Robb IV, an attorney at Bracewell LLP ("Bracewell") in Houston.

3. Bracewell sent the Letter Document Request in its capacity as Special Counsel for Debtor SH 130 Concession Company, LLC ("SH 130").

4. The Attachment to the Letter Document Request requires FAUS to produce ten categories of documents to SH 130 "no later than 5:00 pm on December 16, 2016[,] at the offices of Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002."

5. Despite invoking Rule 2004 and Local Rule 2004, the Letter Document Request does not comply with either rule.

6. FAUS is not a party in interest in this jointly administered bankruptcy case. FAUS is not a party to any litigation with SH 130, and FAUS is not a party to the design and construction contract upon which the alleged potential claims that Bracewell seeks to pursue, if any, might be based. For those reasons and the other reasons discussed more fully below, FAUS hereby objects to—and moves to vacate, strike, or quash—the Letter Document Request.

### III. OBJECTIONS TO LETTER DOCUMENT REQUEST

7. FAUS hereby reiterates, adopts, and incorporates the foregoing paragraphs by reference, as if they were set forth in their entirety herein, and objects to the Letter Document Request as follows:

**A. The Letter Document Request Exceeds the Proper Scope of Rule 2004.**

8. The Letter Document Request exceeds the proper scope of a Rule 2004 examination because it is not limited to documents that "relate *only* to the acts, conduct, or property or to the liabilities and financial condition *of the debtor*, or to any matter which may affect the *administration of the debtor's estate*, or to the *debtor's right to a discharge*." FED. R. BANKR. P. 2004(b). In addition, the Letter Document Request is not limited to documents regarding "the operation of any business and the desirability of its continuance, the source of *any money or property acquired or to be acquired by the debtor for purposes of consummating a plan* and the consideration given or offered therefor, [or] any other matter relevant *to the case* or *to the formulation of the plan*." *Id.*

9.  In fact, the Letter Document Request was sent on the eve of confirmation, well after the Debtors had prepared their disclosure statement and developed their Plan. Clearly, none of the information sought by the Letter Document Request was necessary to the administration of the Debtors' estate, to the preparation of the disclosure statement, or to the development of the Plan. While the permissible scope of Rule 2004 is broad, the rule's primary purpose is to determine the extent and location of property of the estate. Once confirmation occurs, property of the estate no longer exists, and the broad inquiry permitted by Rule 2004 is no longer needed or appropriate.

10. The timing of the Letter Document Request indicates that it is not related to the bankruptcy case, or to the search for assets, but instead is a litigation tactic—a proverbial fishing expedition—related to potential future litigation against Central Texas Highway Constructors, LLC ("CTHC"). As the record of this bankruptcy case shows, Bracewell has been investigating alleged potential claims against CTHC regarding the design and construction of State Highway 130 Segments 5 and 6 ("Facility") for months. Bracewell's fee applications show that, over the past eight months, it has spent about $1 million trying to build a case against CTHC. Still, no litigation on the alleged potential claims has commenced.

11. Further, since any disputes arising from the design and construction of the Facility must be resolved by arbitration, any discovery should be conducted under the arbitration procedures that SH 130 itself contracted for, pursuant to the very contract that Bracewell now wants to allege has been breached. Bracewell should not be permitted to circumvent the agreed-to dispute resolution process, or to undermine the efficiency that arbitration was intended to provide, by unfairly trying to gather documents pursuant to Rule 2004 from entities like FAUS, which **(a)** is not a party to the contract at issue; and **(b)** cannot send reciprocal discovery requests to SH 130 pursuant to that rule. Bracewell also should not be permitted to misuse Rule 2004 to try to obtain information for use in

a case that will ultimately be pending, if ever, in another tribunal.

12. In determining whether a Rule 2004 examination is warranted, the Court should balance the competing interests of the parties, weighing the relevance and necessity of the information sought. In making this determination, the Court should bear in mind that Rule 2004 is not designed to handle the sorts of discovery that normally arise in litigation—and, for this and other good reasons, Rule 2004 does not apply to adversary proceedings. *See* Local Bankr. Rule 2004(a). Instead, discovery in such litigation must follow the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure, which rules have been carefully designed to ensure that *all parties* to the litigation have a fair and equitable opportunity regarding discovery matters. Bracewell should not be permitted to misuse Rule 2004 to avoid the requirements of the regular rules of discovery that would apply if and when litigation were commenced, if ever.

### B. The Letter Document Request Fails to Comply with Rule 2004(c) and/or Local Rule 2004(c).

13. The Letter Document Request fails to comply with Rule 2004(c) and Local Rule 2004(c), which invoke FED. R. BANKR. P. 9016 ("Rule 9016"), which in turn makes FED. R. CIV. P. 45 ("Federal Rule 45") applicable to bankruptcy cases.

14. Not only is the Letter Document Request not a subpoena, but it also does not comply with any part of Federal Rule 45, including, but not limited to, the 100-mile limitation set out in Federal Rule 45(c)(2). The Letter Document Request was sent to Ms. David at an address in Austin, TX, but contrary to Federal Rule 45(c)(2)(A), provides that the documents are to be produced in Houston, TX, which is more than 100 miles from Austin. That fact alone would support vacating, striking, or quashing the Letter Document Request, and certainly supports such relief when coupled with the Letter Document Request's failure to satisfy any other requirements of Federal Rule 45.

*See, e.g.*, FED. R. CIV. P. 45(d)(3)(ii); *see also* FED. R. BANKR. P. 2004(c); Local Rule 2004(c).

15. Further, by not complying with Rule 9016 or Federal Rule 45, the Letter Document Request fails to afford FAUS any of the protections of those rules, including without limitation the requirement in Federal Rule 45(d)(1) that the person or entity requesting documents must take "reasonable steps to avoid imposing an undue burden or expense on a person" being asked to produce documents. *See, e.g.*, Section D, *infra*.

C. **The Letter Document Request Was Not Served Properly**.

16. The Letter Document Request was served by Federal Express, which—absent FAUS's written consent, which consent was not given—is not an approved method of service under FED. R. CIV. P. 5(b), made applicable to this contested matter pursuant to FED. R. BANKR. P. 9014.

D. **The Letter Document Request Is Overly Broad and Unduly Burdensome and Does Not Allow Reasonable Time to Comply**.

17. In addition to the foregoing problems, the Letter Document Request is overly broad and unduly burdensome, making compliance by December 16, 2016, as requested, unreasonable.

18. Since the Letter Document Request was just sent to Ms. David a few days ago, FAUS cannot yet predict exactly how many pages of documents might be covered by the Letter Document Request. However, FAUS estimates that it would take weeks, or perhaps months, to respond to all ten categories of the Letter Document Request. Such process would be highly disruptive and expensive to FAUS. In the event that the Court determines that the Letter Document Request should not be vacated, stricken, or quashed, as requested herein, FAUS should be compensated for any reasonable and necessary fees and expenses incurred in having to respond to the Letter Document Request, particularly since FAUS is not a party in interest in the bankruptcy case or a party to any litigation involving SH 130.

19. Moreover, it is very probable that many of the documents are subject to one or more privileges but, without reasonable time to search for, gather, and review the requested documents, FAUS cannot adequately identify and protect such privileged documents, or prepare and provide a privilege log regarding such documents.

20. Although FAUS objects to—and seeks to vacate, strike, or quash—the Letter Document Request in its entirety, FAUS also hereby reserves all of its rights to assert any and all applicable privileges and protections regarding the documents requested by the Letter Document Request.

### E. The Letter Document Request Is Duplicative.

21. At or about the same time that Bracewell sent Ms. David the Letter Document Request, Bracewell sent virtually identical and equally defective letter document requests to others. Those additional document requests, like the Letter Document Request itself, very likely duplicate or overlap significantly with one another, as well as with the multiple categories of documents that were made the subject of a litigation hold letter that SH 130 sent to CTHC in October 2015. That litigation hold letter shows that SH 130 clearly contemplated litigation at that time, which was months before the March 2, 2016, Petition Date.

22. In addition to the many defects in the Letter Document Request, Bracewell has not shown good cause for either the Letter Document Request itself, or for any of the duplicative letter document requests sent to others.

23. That Bracewell has now requested essentially the same documents from so many sources, without complying with the rules governing such requests, suggests that the duplicative letter document requests are designed more for purposes of harassment than for discovery. Neither Rule 2004 nor Federal Rule 45 can be used for purposes of harassment.

### F. Bracewell Failed to Confer.

24. In violation of Local Rule 2004(b), Bracewell counsel neither attempted to confer with FAUS counsel, nor did he make any effort "to obtain an agreeable date, time and place for" the production of the requested documents. Thus, in addition to its other defects, the Letter Document Request does not contain the required certificate of conference.

## IV. MOTION TO VACATE, STRIKE, OR QUASH LETTER DOCUMENT REQUEST

25. FAUS hereby reiterates, adopts, and incorporates the foregoing paragraphs by reference, as if they were set forth in their entirety herein, and for all of the foregoing reasons hereby asks the Court to sustain FAUS' objections and vacate, strike, or quash the Letter Document Request in its entirety.

26. Since the Letter Document Request is not a subpoena, a proper discovery request, or a filed document, however, it may be technically imprecise to speak in terms of "vacating," "striking," or "quashing" the Letter Document Request. Therefore, in the alternative, FAUS respectfully asks the Court to sustain FAUS' objections, find that the Letter Document Request is improper, and enter an order stating that FAUS is not required to comply with the Letter Document Request.

## V. CONCLUSION AND PRAYER

27. For the foregoing reasons, FAUS respectfully asks the Court to sustain FAUS' objections and vacate, strike, or quash the Letter Document Request in its entirety. Alternatively, FAUS asks the Court to sustain FAUS's objections, find that the Letter Document Request is improper, and enter an order stating that FAUS is not required to comply with the Letter Document Request. Further, FAUS asks the Court to grant it all other legal and equitable relief to which it may be justly entitled, at law or in equity.

Respectfully submitted,

LANGLEY & BANACK, INC.
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
Telephone: 210-736-6600
Facsimile: 210-736-6889

By: */s/ David S. Gragg*
    DAVID S. GRAGG
    dgragg@langleybanack.com
    State Bar No. 08253300
    SARA MURRAY
    smurray@langleybanack.com
    State Bar No. 14729400

**ATTORNEYS FOR FERROVIAL AGROMAN US CORP.**

### CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that on December 6, 2016, a true and correct copy of the foregoing Ferrovial Agroman US Corp.'s Objections to—and Motion to Vacate, Strike, or Quash—Rule 2004 Letter Request for Production of Documents was filed with the Court and (1) served electronically upon those registered to receive electronic notice via the Court's CM/ECF system in the above-captioned case; and (2) served either electronically or by First Class Mail upon those included on the attached Sixth Amended Master Service List [**Doc. 391**].

    */s/ David S. Gragg*
    David S. Gragg

W:\lbclient\19427\0002\L1211304.WPD

# Exhibit 1

# BRACEWELL

Texas
New York
Washington, DC
Connecticut
Seattle
Dubai
London

Edmund W. Robb IV
Senior Counsel

+1.713.221.1237 Office
+1.800.404.3970 Fax

Edmund.Robb@bracewelllaw.com

Bracewell LLP
711 Louisiana Street
Suite 2300
Houston, Texas
77002-2770

November 21, 2016

By FedEx

Ms. Catherine David
Ferrovial Agroman U.S. Corp.
9600 Great Hills Trail, Suite 200E
Austin, TX 78759

Re: *In re SH 130 Concession Company, et al.*, Case No. 16-10262, United States Bankruptcy Court for the Western District of Texas, Austin Division

Dear Ms. David:

Bracewell LLP has been appointed as Special Counsel for SH 130 Concession Company, LLC in the above-captioned bankruptcy proceeding. Our mandate is to investigate potential claims related to the design and construction of State Highway 130 Segments 5 & 6 ("Facility"). In order to pursue this investigation, we are collecting and reviewing documents from the firms that participated in the design and construction of the Facility, including Ferrovial Agroman U.S. Corp.

Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004 of the Bankruptcy Court for the Western District of Texas, Austin Division, we are sending the attached document requests to Ferrovial Agroman U.S. Corp. Please review these requests and produce the described categories of documents no later than December 16, 2016. After reviewing the documents produced in response to these requests, we may contact you to schedule a deposition of a representative of Ferrovial Agroman U.S. Corp.

Please feel free to contact me at 713-221-1237 if you have any questions regarding this letter or the enclosed requests.

Very truly yours,

Bracewell LLP (W.P. Ayram)

Edmund Robb

Edmund W. Robb IV

Attachment

#5340548

# ATTACHMENT
## DOCUMENT REQUEST PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Please produce all documents within your possession, custody or control in any of the following categories to Debtor SH 130 Concession Company, LLC no later than 5:00 PM on December 16, 2016 at the offices of Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002:

1. All documents that Ferrovial Agroman U.S. Corp. produced in response to a subpoena served in *Central Texas Highway Constructors, LLC v. Lexington Insurance Company*, Cause No. D-1-GN-13-001691, 53rd Judicial District Court of Travis County Texas.

2. All documents not produced in the above-referenced *Lexington Insurance Company* lawsuit that fall into one of the following categories:

    a. documents pertaining to the work and services performed by Ferrovial Agroman U.S. Corp. concerning the Facility;

    b. documents pertaining to the Facility, including anything relating to the pavement design, construction, settlement analysis, causation of the pavement cracking and/or heaving, and repairs to the pavement cracking and/or heaving;

    c. communications (including emails) sent or received by Ferrovial Agroman U.S. Corp.'s employees that discuss the Facility, its design, soil conditions, weather conditions, cracking of the roadway, repairs of cracking in the roadway, causes of cracking in the roadway, settlement analysis, and geotechnical consulting for the Facility;

    d. executed contracts, including all exhibits, amendments and endorsements, to which Ferrovial Agroman U.S. Corp. is a party, that relate to the Facility, including contracts between Ferrovial Agroman U.S. Corp. and Central Texas Highway Constructors, LLC, SH 130 Concession Company, and/or any subcontractor;

    e. records that pertain to the design and/or geotechnical consulting done in regards to the Facility, including all design drafts, proposals, sketches, notes, data reports, testing reports, or similar documents;

    f. documents pertaining to the investigation of the cracking in the Facility, including any reports or data generated as a result of the investigation;

    g. documents pertaining to the repair of the Facility, including recorded data, summary reports, investigative reports, photographs of any cracks, repair design reports, or similar documents;

    h. all documents submitted to the Texas Department of Transportation relating to the Facility, including bids, design and construction proposals, reports, and repair proposals; and

      i. job logs and/or periodic reports (e.g., daily or monthly) regarding work done on the Facility.

For the purposes of these requests, the term "document" is used in the broadest sense possible and includes anything subject to production under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure or the Local Rules of the United States District Court for the Western District of Texas including any written, printed, or published material or tangible thing, and including any electronically stored information, any information stored in machine readable form, and the metadata associated with an electronic file.

ORIGIN ID:EIXA (713) 223-2300  SHIP DATE: 29NOV16
EDMUND ROBB                    ACTWGT: 0.50 LB
BRACEWELL LLP                  CAD: 109434551/WSXI2750
711 LOUISIANA
SUITE 2300
HOUSTON, TX 77002              BILL SENDER
UNITED STATES US

TO  MS. CATHERINE DAVID
    FERROVIAL AGROMAN US CORP.
    9600 GREAT HILLS TRL STE 200E

    AUSTIN TX 78759
(713) 222-3045        REF 074468 000009-04505
INV
PO                                   DEPT



WED - 30 NOV 3:00P
STANDARD OVERNIGHT

TRK# 7848 0335 6861
0201                                    DSR
                                      78759
A8 MMRA                         TX-US  AUS